UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**SANJAY MALHOTRA, MONESHA GUPTA,**

  *Plaintiffs*,

v.

**STATE FARM LLOYDS,**

  *Defendant*.

Case No. SA-23-CV-00780-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is State Farm Lloyds's Motion for Partial Summary Judgment and Plaintiffs Sanjay Malhotra and Monesha Gupta Response. *ECF Nos. 19,21*. Upon consideration, the Motion is **DENIED**.

### Procedural Background

Plaintiffs Sanjay Malhotra and Monesha Gupta held a homeowner's property insurance policy with State Farm Lloyd's (State Farm). This case arises from Plaintiffs' claim for coverage benefits due to damage to their property caused by a hailstorm on April 28, 2021. Based upon allegations that State Farm improperly failed to satisfy its insurance coverage liability, Plaintiffs asserted causes of action for breach of the insurance contract, violations of the Texas Insurance Code § 541 for unfair settlement practices, violation of the Prompt Payment Act in Texas Insurance Code § 542, and common law breach of duty of good faith and fair dealing. *ECF No. 1*. State Farm filed this Motion for Partial Summary Judgment on causes of action of breach of duty of good faith and fair dealing (bad faith), statutory bad faith, and "misrepresentation claims

under common law fraud, breach of the duty of good faith and fair dealing, and Texas Insurance Code §§541.060(a)(1) and 541.061." Upon comparison of Plaintiffs' asserted causes of action with the Motion for Partial Summary Judgment, the Court will presume State Farm intends to assert this motion on the causes of action of violations of the Texas Insurance Code § 541 for unfair settlement practices and the common law violations of breach of duty of good faith and fair dealing.

## Legal Standard

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

## Discussion

Although the issue whether an insurer acted in bad faith, or the reasonableness of the insurer's conduct, is usually a question of fact for the jury, a court may determine as a matter of law that undisputed record evidence establishes an insurer had a reasonable basis for denying or delaying a claim payment. *See Alvarez v. State Farm Lloyds*, No. SA-18-CV-01191, 2020 WL 1033657, at *4 & n.2 (W.D. Tex. Mar. 2, 2020). If the insurer satisfies this summary judgment burden, the burden shifts to the insured to prove, and a court then must determine, whether the

"insured failed to present evidence sufficient to support a bad faith claim." *Id*. Accordingly, in this Motion for Summary Judgment, State Farm must present undisputed record evidence that establishes, as a matter of law, it had a reasonable basis for denying or delaying payment on Plaintiffs' coverage claim. *See Alvarez*, 2020 WL 1033657, at *4 & n.2.

Throughout its Motion, State Farm contends the undisputed evidence shows this case involves an honest dispute as to the extent of damage to Plaintiffs' property caused by the subject hailstorm and the cost of the work necessary to rectify this damage, and therefore, the causes of action for bad faith and unfair settlement practice must fail. As support for its argument that summary judgment should be granted for Plaintiffs' common law bad faith claims, State Farm states the following: "The inspection included both the exterior and interior of Plaintiffs' Property. Multiple inspections were done at the property and during those inspections, State Farm noted damage to some of the roof tiles, soft metals, gazebo and interior water damage and subsequently prepared estimates for the covered damages and issued payments to Plaintiffs after application of their deductible."

State Farm presents no evidence and provides no record cites to support this statement. State Farm does attach as exhibits to its Motion evidence consisting of discovery responses to interrogatories and requests for production. However, State Farm provides no cites to this discovery nor does it explain how this discovery supports its position for summary judgment here. State Farm provides only conclusory arguments that it conducted a reasonable investigation, the undisputed facts reveal adequate basis for its action, and the basis of this action results from the parties' bona fide coverage dispute. These conclusory statements are insufficient to satisfy its summary judgment burden of proof to show it had a reasonable basis to delay payment of Plaintiffs' claim. Therefore, the burden does not shift to Plaintiffs to present summary judgment evi-

dence to raise a genuine dispute whether State Farm's inspectors or adjustor conducted an unreasonable investigation, or that State Farm's investigation was calculated to underestimate or under-pay Plaintiffs' insurance claim. *See Celotex Corp.,* 477 U.S. at 323; *Adams*, 465 F.3d at 163; *Alvarez*, 2020 WL 1033657, at *4 & n.2.

Next, State Farm seeks summary judgment on Plaintiffs' "misrepresentation claims under common law fraud, breach of the duty of good faith and fair dealing, and Texas Insurance Code §§541.060(a)(1) and 541.061." To the extent these arguments pertain to the asserted causes of action, State Farm fails to satisfy its burden of proof.

In support of this argument, State Farm states, "Plaintiffs' discovery responses likewise do not support Plaintiffs' claims, in fact Plaintiffs' objected to each of the discovery requests and provided very few documents. Misrepresentation claims are based solely on alleged post-loss statements regarding the extent of damages to the Property. *See Plaintiffs' Discovery Responses attached hereto as Exhibit A*." ECF No. 19, p. 6. The Court will not search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez*, 670 F.3d at 651; *Ragas*, 136 F.3d at 458. In addition, the Court will not weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to Plaintiffs. *Reeves,* 530 U.S. at 150; *Boudreaux*, 402 F.3d at 540. Consequently, State Farm fails to satisfy its burden on these potential causes of action.

Because State Farm fails to satisfy its summary judgment burden, its Motion for Partial Summary Judgment will be denied.

## Conclusion

For the reasons stated, the Court **DENIES** Defendant State Farm Lloyds' Motion for Partial Summary Judgment. All Scheduling Order deadlines have now passed. The Court directs the

parties to confer and, within 14 days of the date of this opinion, provide the Court with potential dates for trial in November or December 2023 or January 2024.

It is so ORDERED.
SIGNED this 7th day of August, 2024.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE